UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MICHAEL VASKO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMADOR COUNTY SHERIFF DEPARTMENT,<br><br>　　　　　Defendant. | No. 2:21-cv-02347 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims defendant violated his rights through entrapment, cruel and unusual punishment, prejudice, and violation of the statute of limitations. (ECF No. 1 at 3.) Before the court is plaintiff's request to proceed in forma pauperis (ECF No. 2) and plaintiff's complaint for screening (ECF No. 1).

　　　　For the reasons set forth below, the undersigned will recommend that this action be dismissed with prejudice. The court will order plaintiff's motion to proceed in forma pauperis denied as moot.

////

////

////

**SCREENING**

I. **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////
////
////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff's complaint is unclear regarding some of the facts in the complaint. However, the following factual allegations are clearly stated.

Plaintiff states that in June 2021, plaintiff was convicted of violating "section 23152(b) w/BAC above .08%." (ECF No. 1 at 1.) Plaintiff notes that the events that resulted in this conviction occurred on April 30, 2017 and that he was told by an attorney "that is [sic] was no longer a case due to several issues including entrapment." (Id.) Plaintiff then details the events that occurred around April 30, 2017 incident. Specifically, plaintiff alleges the following: plaintiff was sleeping in his car when he was woken by a uniformed officer "while Detective Stone drove through the gate to go hunting" without a license. (Id.) Detective Stone then ordered

3

1  plaintiff to move his vehicle and arrested plaintiff despite Detective Stone also breaking the law.
2  (Id.)  Plaintiff notes that he has appealed his conviction and provides case numbers.  (Id.)
3       Plaintiff requests monetary damages in addition to his criminal case being "dropped" and
4  plaintiff being released from custody.  (Id. at 4.)

**III.     Habeas is the Only Method of Challenging a State Court Conviction**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended 42 U.S.C. § 1983."  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curium).  A habeas corpus petition is the proper mechanism for a prisoner to use to contest the legality or duration of his confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  By contrast, a civil rights action pursuant to § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Additionally, a plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  The Supreme Court has extended this holding to civil-rights actions in which the plaintiff seeks declaratory or injunctive relief as well as damages.  Edwards v. Balisok, 520 U.S. 641, 648 (1997).

In Smith v. City of Hemet, the Ninth Circuit reiterated: "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed."  394 F.3d 689, 695 (9th Cir. 2005) (quotation omitted).  "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would necessarily imply or demonstrate the invalidity of the earlier

////

4

conviction or sentence.'" Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Heck, 512 U.S. at 487).

In the complaint plaintiff is very clear that he seeks to challenge his June 2021 conviction, its underlying basis, and his resulting sentence. As stated above, habeas is the sole avenue for challenging a state court conviction. See Preiser, 411 U.S. at 485; Badea, 931 F.2d at 574. Thus, this case may not proceed as a civil rights action. Additionally, and as stated above, plaintiff's claims are likely barred by Heck as plaintiff has not presented any evidence that indicates his conviction has been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.")

Accordingly, plaintiff's complaint must be dismissed as it fails to state a claim for which relief can be granted under 42 U.S.C. § 1983.

**IV.     No Leave to Amend**

A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995) (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). However, futile amendments should not be permitted. See, e.g., DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987), (quoting Klamath—Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)).

The court finds that granting plaintiff leave to amend would be futile because his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). This cannot be cured in an amended complaint. Additionally, while conversion to a federal habeas petition with leave to amend is possible in some cases, it would also be futile here as plaintiff readily admits that his state court appeals are still ongoing. As such, plaintiff has not yet complied with the exhaustion requirement to proceed with a habeas petition. See Spillers v. Woods, 2:18-cv-0092 TLN DB P, 2019 WL

1429578, at *5 n.1 (E.D. Cal. March 29, 2019).  Additionally, converting this action to a habeas petition could also prevent plaintiff from raising additional claims in that petition.  See Id.

Accordingly, it will be recommended that plaintiff not be granted leave to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 2.)  However, as it will be recommended that this action be dismissed without leave to amend, plaintiff's motion will be denied as moot.  Should these findings and recommendations not be adopted, plaintiff will be permitted to file a renewed motion to proceed in forma pauperis.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied as moot; and

2. The Clerk of the Court is directed to randomly assign a district judge to this action.

Additionally, IT IS RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 28, 2023

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/vask2347.scrn.fr.dism

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE